# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAMES WILLIAM DEAS**                                                                           **PLAINTIFF**

**V.**                                                               **CIVIL ACTION NO. 1:09-CV-78-SA-DAS**

**AMERICAN RECOVERY SYSTEMS, INC.**                                  **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff's Motion for Default Judgment [9] is currently before the Court. For the reasons stated below, the motion is granted and this case is closed.

Default judgments are generally disfavored. Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). Federal courts universally favor a trial on the merits of a case. In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). However, the Federal Rules of Civil Procedure contain a two-part procedure for the Court to follow when considering the entry of a default judgment. First, upon a proper showing that a party has failed to plead or otherwise defend a case brought against him, the clerk of the court is required to enter a default. FED. R. CIV. P. 55(a). The default functions as an admission of the plaintiff's well-pleaded allegations of fact. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default is entered, "[i]f the plaintiff's claim is for a sum certain, or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against" the defaulted defendant. FED. R. CIV. P. 55(b)(1). However, "[i]n all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). "The court may conduct hearings or make referrals" if it deems further investigation necessary. Id. Once the procedural requirements for a default judgment have been met, the Court evaluates the plaintiff's Complaint to confirm that "there [is] a sufficient

basis in the pleadings for the judgment." Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206. In the present case, the procedural requirements for entry of default judgment have been met. Therefore, the Court must evaluate the Complaint and confirm that there is a sufficient basis for default judgment. Id.

Plaintiff alleges that in the summer of 2008 Defendant placed a telephone call to Plaintiff's home phone number, seeking an individual who did not live there, from whom Defendant claimed to be attempting to collect a debt. Plaintiff alleges that he informed Defendant that the debtor whom Defendant sought did not live there and requested that Defendant not call him again. Plaintiff further alleges that, despite repeated requests to cease telephone calls like the initial one described above, Defendant subsequently made dozens of calls to Plaintiff's home telephone number for the same purpose as the original one.

> The Fair Debt Collection Practices Act (FDCPA) provides:
>
> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall–
> . . .
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. § 1692b. The FDCPA further provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute lists the following as a specific example of harassment: "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Finally, the Act contains factors for the Court to consider in determining the

amount of liability for violations of the Act: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

Based on the well-plead allegations of Plaintiff's Complaint and the above-cited statutory provisions, the Court finds that Defendant has violated the FDCPA.  Therefore, Plaintiff's Motion for Default Judgment is granted.

Plaintiff seeks the following damages:1) Statutory damages in the amount of $1,000.00; 2) his costs of service and filing in the amount of $385.00; 3) attorneys' fees of $900.00; 4) post-judgment interest; and 5) costs and attorneys' fees incurred in collection of the judgment.

The FDCPA provides that any debt collector who violates the Act is liable in an amount equal to actual damages sustained as a result of the violation and such additional damages that the court may allow, but not exceeding $1,000.00.  15 U.S.C. § 1692k(a)(1), (2); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243, *2 (E.D. La. Aug. 23, 2001) (noting maximum statutory damages of $1,000.00).  The Act further provides that "in the case of any successful action to enforce the foregoing liability," the debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3); see also Hester v. Graham, Bright & Smith, P.C., 289 Fed. Appx. 35, 44 (5th Cir. 2008) (noting that the FDCPA provides for recovery of a reasonable attorney's fee); Turner v. Oxford Mgmt. Servs., Inc., 552 F. Supp. 2d 648, 656-57 (S.D. Tex. 2008).  Therefore, the Court awards Plaintiff statutory damages of $1,000.00, costs of service of process and filing in the amount of $385.00, and attorneys' fees of $900.00.

The amount of post-judgment interest to be awarded on any money judgment recovered in a civil case before this Court is set by statute.  See 28 U.S.C. § 1961.  Therefore, the Court awards

post-judgment interest in the amount of 0.40% per annum.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 28th day of October, 2008.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**